UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

ELAINE MCINTOSH                                  Case No.:

    Plaintiff,                                        Jury Trial: Yes

v.

THE STATE OF FLORIDA,

LINH T. ISON, and

MARK S. BLECHMAN

    Defendants.

_____/

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Comes now the Plaintiff, Elaine Mcintosh, by and through undersigned counsel and sues the above-named Defendants, The State of Florida, Linh T. Ison and Mark S. Blechman, and states as follows:

### JURISDICTION AND VENUE

1. The basis for invoking the jurisdiction of the court is 42 U.S.C § 1983.

2. Venue is proper in the Middle District of Florida's Orlando Division where the cause of action accrued.

### THE PARTIES

3. The Plaintiff, Elaine Mcintosh, is sui juris and a resident of Orlando, Orange County Florida at all times herein.

4. The Defendant, Linh T. Ison, is sui juris and was employed by the State of Florida in the capacity of General Magistrate at all times herein.

5. The Defendant Mark S. Blechman, is sui juris and was an employed by the State of Florida in the capacity of Circuit Judge at all times herein.

## SUMMARY OF THE FACTS

6. A Final Judgment dissolving the Plaintiff's thirty-three (33) year marriage, after default, was entered on March 17, 2017

7. In the Final Judgment, the Plaintiff was awarded permanent alimony payable at the rate of $1,000 per month.

8. Since entry of the Final Judgment Plaintiff filed no less than six motions for contempt attempting to obtain the alimony that she was awarded.

9. Each motion was denied with the court eventually adopting the Report and Recommendation of the General Magistrate wherein a finding was made that the Petitioner committed fraud upon the court when she obtained a Final Judgment of Dissolution of Marriage after Default, by failing to list the known Respondent's work address 11231 Cedar Grove Circle, Windermere, FL 34786.

10. The Court ruled that the alimony order in the Final Judgement was void for lack of personal jurisdiction on October 28, 2019.

## COUNT I – DEPRIVATION OF PROCEDURAL DUE PROCESS PURSUANT TO THE FOURTEENTH AMENDMENT OF THE U.S CONSTITUTION AND FLA.STAT. 48.193.

1. The Defendants deprived the Plaintiff of the right to due process secured by the Fourteenth Amendment of the U.S. Constitution. Under color of law, the Defendants

violated the Plaintiff's property rights in voiding the alimony order in the Final Judgment of Dissolution of Marriage for lack of personal jurisdiction.

2. In order to state a claim for deprivation of rights under U.S.C § 1983, a Plaintiff must show that (1) conduct complained of was committed by person acting under color of law; (2) Defendants' conduct in fact deprived them of rights, privileges or immunities secured by Constitution or laws of United States; (3) Defendant's conduct caused deprivation of federal constitutional rights; and (4) Defendant's conduct must have been intentional, grossly negligent, or must have amounted to reckless or callous indifference to constitutional rights of others.

3. The Defendant, Linh T. Ison, acting under color of law in the capacity of General Magistrate wrote the report and recommendation that found the Plaintiff had committed fraud upon the court rendering the alimony order in the Final Judgment void for lack of personal jurisdiction.

4. The Defendant, Mark S. Blechman, acting under color of law in the capacity of Circuit Court Judge adopted the report and recommendation of the General Magistrate which found the Plaintiff had committed fraud upon the court rendering the alimony order in the Final Judgment void for lack of personal jurisdiction over the Respondent.

5. The Defendant's conduct deprived the Plaintiff of procedural due process secured by the Fourteenth Amendment of the U.S. Constitution and Florida Statute § 48.193.

6. The Defendant's unlawfully interfered with the Plaintiff's protected liberty and property interest by failing to provide adequate procedural safeguards.

7. The procedures used by the Defendants were inadequate in light of the significance of the interests involved. *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981).

8. In *Parratt*, the court held that negligent and intentional deprivations of property without due process of law under U.S.C § 1983 violate the procedural requirements of the due process clause of the Fourteenth Amendment if no meaningful post-deprivation remedy for the loss is available under state law.

9. Under Florida law, alimony is a property interest that may only be granted by the court in a proceeding for dissolution of marriage.

10. The Defendant's entered an order dissolving the Plaintiff's thirty-three (33) year marriage.

11. The Defendant's made specific findings of fact that the Plaintiff had a need for alimony and that the Respondent Husband had the ability to pay permanent periodic alimony of $1,000 per month.

12. Thereafter the Plaintiff filed a motion for contempt to enforce the alimony award because the Respondent Husband was not making timely payments.

13. Pursuant to Florida Statute Section 48.193 the court had personal jurisdiction to enforce the alimony order in the final judgment because the Respondent Husband waived his right to challenge personal jurisdiction by filing pleadings, motions, and appearing in court without asserting the court's lack of personal jurisdiction.

14. Citing Wiggins, v. Tigrent, the Defendant's *sue sponte* found the section of the Final Judgment ordering the Respondent Husband to pay alimony was void for lack of personal jurisdiction.

15. At no time did the Respondent Husband raise the defense of lack of personal jurisdiction.

16. In *Wiggins* the court found that a judgment is only void when it is rendered in violation of due process.

17. However, the alimony order in the final judgment at issue was not rendered in violation of due process because the Respondent Husband was personally served a true copy of the Final Judgment and Income Withholding Order and did not challenge personal jurisdiction.

18. The Respondent Husband voluntarily subjected himself to the jurisdiction of the court by filing a motion to stop alimony and appearing in court.

19. The Respondent Husband testified under oath that he was served at addresses where he worked, lived, and received mail.

20. The Respondent made general appearances before the Defendant, Linh T. Ison, without ever challenging the court's personal jurisdiction.

21. The Defendant, Linh T. Ison, acting under color of law in the capacity of General Magistrate negligently and intentionally wrote the report and recommendation that found the alimony order in the Final Judgment was void for lack of personal jurisdiction.

22. The Defendant, Mark S. Blechman, acting under color of law in the capacity of Circuit Court Judge negligently and intentionally adopted the report and recommendation of the General Magistrate which found the alimony order in the Final Judgment was void for lack of personal jurisdiction over the Respondent.

23. The Defendant's negligently and intentionally deprived the Plaintiff of property without procedural due process of law.

24. Under Florida law, because the Plaintiff's marriage was dissolved by entry of the final judgment there is no meaningful post-deprivation remedy for the loss of property available under state law.

25. The Defendant's conduct deprived the Plaintiff of the right to procedural due process under the federal constitution of the United States.

26. The Defendant's conduct amounted to reckless indifference to constitutional rights of the Plaintiff.

27. The Plaintiff has been required to retain counsel and to pay him a reasonable fee therefore to represent her in this claim. Pursuant to Florida Statute § 768.28 Plaintiff requests reasonable attorney's fees be awarded upon prevailing in the instant action.

**WHEREFORE** the Plaintiff, Elaine Mcintosh, by and through undersigned counsel requests judgment for damages in the amount of $265,000 plus court costs, and reasonable attorney's fees, and for any further relief deemed just and proper.

## COUNT II – DENIAL OF ACCESS TO THE COURTS

28. The Defendant's denied the Plaintiff her right to access to the court's by denying her motion for contempt and enforcement of alimony and voiding the alimony order in the final judgment for lack of personal jurisdiction after the Respondent Husband voluntarily availed himself to the court's jurisdiction.

29. The Plaintiff has lost a meritorious suit that cannot now be tried.

30. In order to state a claim for denial of access to the court's under U.S.C § 1983, a Plaintiff must identify: (1) a nonfrivolous, arguable underlying claim, whether anticipated or lost; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense, but that is not otherwise available in future suit. *Burgess v. N. Broward*

*Hosp. Dist.*, 126 So. 3d 430 (Fla. 4th DCA 2013) citing *Christopher v. Harbury*, 536 U.S. 403, 122 S. Ct. 2179 (2002).

31. It is well settled that the right of access to the courts is protected from unlawful interference and deprivations by the state and its actors by the federal constitution. *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983).

32. In this case, the Plaintiff had a nonfrivolous, arguable underlying claim for alimony. The alimony award in the final judgment found the Plaintiff had a need for permanent periodic alimony of $1,000 per month after a thirty-three (33) year marriage to the Respondent Husband pursuant to Florida Statute § 61.08.

33. On June 8, 2017 Defendant, Linh T. Ison, acting in the capacity of General Magistrate filed a report and recommendation denying the Plaintiff's motion for contempt and enforcement. The report recommended that the Plaintiff serve a copy of the previously entered income withholding order upon the employer of the Respondent Husband by certified mail.

34. On August 22 of the same year the Plaintiff filed an affidavit of service for the Respondent Husband at his current employer pursuant to the magistrate's recommendation.

35. However, the Defendant, Linh T. Ison, acting under color of law in the capacity of General Magistrate frustrated the litigation by writing the report and recommendation that found the alimony order in the Final Judgment was void for lack of personal jurisdiction.

36. The Defendant, Mark S. Blechman, acting under color of law in the capacity of Circuit Court Judge frustrated the litigation by adopting the report and recommendation of the

General Magistrate which found the alimony order in the Final Judgment was void for lack of personal jurisdiction over the Respondent.

37. In fact, the court did have personal jurisdiction over the Respondent husband to enforce the alimony award in the final judgment.

38. The Respondent Husband filed a motion to stop alimony in October 2017 without challenging the court's jurisdiction and after being served the previously entered final judgment and income withholding order.

39. Under Florida law, a party waives any jurisdictional objections when the party makes a request for affirmative relief that goes to the merits of the case and is inconsistent with the party's subsequent jurisdictional objection. *See generally Ginsberg v. Lamour*, 711 So. 2d 182, 183 (Fla. 4th DCA 1998); *Heineken v. Heineken*, 683 So. 2d 194, 197-98 (Fla. 1st DCA 1996); *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987); *Moo Young v. Air Can.*, 445 So. 2d 1102, 1104 (Fla. 4th DCA 1984); *Paradise of Port Richey v. Estate of Boulis*, 810 So. 2d 1044, 1046 (Fla. 4th DCA 2002).

40. In *Paradise*, the court ruled that because appellant's attorney's presence at a hearing occurred before any petition for relief directed toward appellant was filed and the attorney requested no affirmative relief from the court, jurisdiction was not acquired.

41. However, in this case the court did acquire personal jurisdiction over the Respondent husband because his presence at the October 2017 hearing occurred after the petition for relief directed toward the Respondent Husband was filed and served, and the Respondent husband requested affirmative relief from the court that went to the merits of the case and was inconsistent with the court's subsequent jurisdictional objection.

42. Furthermore, the court acquired personal jurisdiction over the Respondent Husband when he made general appearances before the court in July 2018, August 2019, and September 2019 prior to the alimony award being voided *sua sponte* in October 2019.

43. Under Florida law, because the Plaintiff's marriage was dissolved by entry of the final judgment there is no meaningful post-deprivation remedy for the loss of property available under state law.

44. The Plaintiff respectfully requests judgment in her favor as a remedy that may be awarded as recompense, but that is not otherwise available in future suit.

45. The Plaintiff has been required to retain counsel and to pay him a reasonable fee therefore to represent her in this claim. Pursuant to Florida Statute § 768.28 Plaintiff requests reasonable attorney's fees be awarded upon prevailing in the instant action.

**WHEREFORE** the Plaintiff, Elaine Mcintosh, by and through undersigned counsel requests judgment for damages in the amount of $265,000 plus court costs, and reasonable attorney's fees, and for any further relief deemed just and proper.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been hand delivered this 23rd day of November 2020 on the State of Florida, Linh T. Ison, and Mark S. Blechman at The Office of the State Attorney, Ninth Judicial circuit 415 N. Orange Ave., Orlando, FL 32801, the Office of the Attorney General at PL-01 The Capitol Tallahassee, FL 32399, and the Florida Department of Financial Services, Division of Risk Management 200 E. Gaines Street, Tallahassee, Florida 32399.

Respectfully Submitted,

/S/ ZEFFERY A. MIMS, ESQUIRE
Zeffery A. Mims, Esquire
Florida Bar No.: 1002319
2212 S. Chickasaw Trail #1098
Orlando, FL 32825
zefferymims@gmail.com
(954) 495-0465